IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GRACE KEALOHA and DANIEL ARIAS, JR., <br><br>Plaintiffs, <br><br>vs. <br><br>WILLIAM AILA, MICHAEL P. KAHIKINA, *et al.*, <br><br>Defendants. | Case No. 19-cv-00274-DKW-KJM <br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Plaintiffs Grace Kealoha and Daniel Arias, Jr. move for reconsideration of this Court's October 30, 2020 Order granting Defendants' converted motion for summary judgment and directing the entry of judgment in Defendants' favor. Plaintiffs do so on the basis of a declaration from Defendant Michael P. Kahikina, which they assert they received after the entry of the above-mentioned Order. Plaintiffs, however, make no meaningful effort, as they must, to explain why they could not have obtained the same declaration from Kahikina prior to the entry of the October 30, 2020 Order.   Further, Plaintiffs' late assertions that their motion may be based upon fraud or an extraordinary circumstance are simply meritless. Therefore, as more fully set forth below, the motion for reconsideration, Dkt. No. 70, is DENIED.

## RELEVANT PROCEDURAL BACKGROUND

On October 30, 2020, this Court granted Defendants' motion for summary judgment, which had been converted by the Court from a motion for judgment on the pleadings. Dkt. No. 68.[1]  Among other things, the Court observed that, in their own complaint, Plaintiffs acknowledged that the lease interest at issue here had been terminated *before* Plaintiffs attempted to transfer that interest to themselves.  Further, the Court found that Plaintiffs' other accounts for how the lease interest had been transferred to them, apart from being inconsistent, were, in any event, meritless in light of relevant law and/or undisputed documentary evidence in the record.

One week later, on November 6, 2020, Plaintiffs filed the instant motion for reconsideration, attached to which is a declaration from Defendant Kahikina.  Dkt. Nos. 70, 70-2.  On November 18, 2020, Defendants filed an opposition to the motion for reconsideration, Dkt. No. 72, to which Plaintiffs replied, Dkt. No. 73.

This Order now follows.

## LEGAL STANDARD

A motion for reconsideration filed less than 28 days after the entry of

---

[1] The procedural background prior to the October 30, 2020 Order is set forth in that Order.  *See* Dkt. No. 68 at 2-3.

2

judgment is construed under Rule 59(e) of the Federal Rules of Civil Procedure. *Cf. Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986) ("Gould's motion … was not denominated a Rule 60(b) motion. But, since it followed final judgment and was not within the time limits of Rule 59(e), we may consider it a Rule 60(b) motion."); *see Croomes v. Stream Global Services-AZ, Inc.*, 2012 WL 2946498, at *1 (D. Ariz. July 19, 2012); Fed.R.Civ.P. 59(e).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

A party moving on the basis of newly discovered evidence must show that "(1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992-993 (9th Cir. 2001).

## DISCUSSION

As an initial matter, Plaintiffs fail to explain not only under what procedural rule they seek reconsideration, but also under what specific ground. Despite the absence of these specifics, and setting aside Plaintiffs' obvious disagreement with the outcome of the October 30, 2020 Order, the motion relies exclusively upon the Kahikina Declaration−evidence that Plaintiffs assert they received after entry of the October 30, 2020 Order. Thus, despite the lack of specific guidance from Plaintiffs' opening brief, it appears they seek to rely upon the ground of newly discovered evidence.

Construed as such, the motion for reconsideration fails because Plaintiffs make little effort to explain why the exercise of due diligence would not have resulted in them obtaining Kahikina's declaration prior to October 30, 2020. To be clear, in their opening brief, Dkt. No. 70, Plaintiffs do not even mention this basic requirement. Instead, they merely assert that the declaration "was not previously available." *Id*. at 6. The Court struggles to understand why. By all appearances, Kahikina was as able before October 30 as he was after that date to prepare a declaration. Plaintiffs clearly knew of Kahikina's identity and former position with the Department of Hawaiian Home Lands (DHHL), given that he is a named defendant in their complaint. And there is no contention that Defendants

generally or Kahikina himself somehow made evidence from him unavailable. Thus, by no stretch of the words was Kahikina's declaration "previously unavailable" to Plaintiffs. Rather, Plaintiffs simply did not attempt to obtain it.

In their reply in support of the motion for reconsideration, Plaintiffs argue that Defendants fail to suggest how they could have obtained Kahikina's declaration earlier, that, until recently, they were proceeding pro se, that DHHL has refused to produce requested documents, and that there was insufficient time for them to conduct discovery after retaining counsel. Dkt. No. 73 at 3-4. The Court disagrees. First, Defendants *do* explain how Plaintiffs could have obtained evidence from Kahikina earlier: by deposition or declaration. *See* Dkt. No. 72 at 6. This litigation has been pending since May 2019, and Plaintiffs' contentions have existed for years. Second, although Plaintiffs were proceeding pro se, that does not alone, as counsel appears to contend, present an excuse. Instead, Plaintiffs, like any other litigant, were required to follow all rules of procedure, including discovery rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). Third, DHHL's alleged refusal to produce documents, which appears to relate to Freedom of Information Act requests made by Plaintiffs, has nothing to do with whether Plaintiffs could have deposed or, at the very least, reached out to

5

Kahikina informally or through some other discovery device for evidence in support of their claims.[2]  Fourth, given that Plaintiffs had a responsibility to prosecute their own claims and obtain evidence to support them, even when proceeding pro se, their recent retention of counsel is of little import.  While the Court acknowledges that counsel's first appearance in this case may have been proximate to the deadline for submission of an opposition to the converted motion for summary judgment, the Court notes that, at no point, did counsel suggest that he was even attempting to   discover evidence from Kahikina.  Instead, it appears that Kahikina's declaration arrived fortuitously.  *See* Dkt. No. 70 at 6 (stating that "Kahikina contacted Plaintiffs and their counsel….").  That does not lead to reconsideration.  *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into newly discovered evidence.") (quotation omitted).  The Court thus finds that reconsideration of the October 30, 2020 Order is not warranted on the ground of new or previously unavailable evidence.

---

[2]The Court notes that Kahikina asserts that he is a former Commissioner of DHHL, having served between 2011 and 2019.  Kahikina Decl. at ¶ 2, Dkt. No. 70-2.  Thus, DHHL's alleged delay tactics would appear to have even less bearing on obtaining evidence from Kahikina.

Finally, the Court rejects Plaintiffs' bald assertions that other grounds exist for reconsideration of the October 30, 2020 Order. For instance, for the first time in reply, Plaintiffs contend that reconsideration is "based upon fraud, misrepresentation, and misconduct by the Defendants and their counsel." Dkt. No. 73 at 4. Nothing more is offered. In other words, there is no description of the fraud or misconduct committed by Defendants or why it would be relevant to reconsidering the October 30, 2020 Order. Hyperbole does not warrant reconsideration. *See Sch. Dist. No. 1J*, 5 F.3d at 1263.

Also for the first time in reply, Plaintiffs assert that the Court's "disinclination to accept the credibility of Plaintiffs should now be re-examined under the provisions of Rule 60(b)(6)" in light of Kahikina's declaration. Dkt. No. 73 at 6. This is an entirely inaccurate statement, not the least because the Court made *no* credibility determinations in the October 30, 2020 Order.[3] Instead, the Court accurately explained why Plaintiffs' alternate versions of how they purportedly obtained an interest in a lease were inconsistent, not only with the allegations of their own complaint, but with each other. *See* Dkt. No. 68 at 5-6. *Despite those inconsistencies*, the Court went on to explain why, *even on the merits*, each version was meritless under the law and evidence properly submitted

---

[3] The statement also ignores that Rule 59(e), rather than Rule 60(b), is relevant here.

7

in this case. *See id*. Thus, this too is not a "highly unusual" circumstance warranting reconsideration. *Sch. Dist. No. 1J*, 5 F.3d at 1263.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' motion for reconsideration, Dkt. No. 70, is DENIED.

IT IS SO ORDERED.

Dated: December 7, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Grace Kealoha and Daniel Arias, Jr., vs. William Aila, et al.*;
Civil No. 19-00274 DKW-KJM; **ORDER DENYING MOTION FOR RECONSIDERATION**